THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-87-FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND RECOMMENDATION** |
| BRIAN LEE FOSTER, a/k/a "B" ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This Cause comes before the Court upon Defendant's motion to dismiss the indictment in this case [DE-11]. The Government has responded to this motion [DE-18] and the matter is now ripe for adjudication. On April 29, 2008, the matter was referred to the undersigned for the entry of a memorandum and recommendation.

Defendant requests that the indictment be dismissed because it fails to abide by Rule 7(c)(1) of the Federal Rules of Criminal Procedure. He also contends that the indictment violates the Fifth and Sixth Amendments to the United States Constitution. As an initial matter, the undersigned HEREBY RECOMMENDS that Defendant's motion be DENIED for failing to comply with Local Criminal Rule 47.1(b). Counsel has failed to file a separate memorandum in support of this motion. Moreover, the body of the motion itself fails to adequately brief the issues presented.

Regardless, Rule 7(c)(1) states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense

charged." F.R. Crim. P. 7(c)(1). Likewise, the Supreme Court has stated that:

> an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense . . . It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished
> Hamling v. United States, 418 U.S. 87, 117 (1974)(internal citations omitted).

The indictment in this matter states:

> Beginning at a time unknown to the Grand Jury, but no later than in or about December, 2004, and continuing thereafter until on or about March 13, 2008, in the Eastern District of North Carolina and elsewhere, the defendant, Brian Lee Foster, also known as "B", did knowingly and intentionally combine, conspire, confederate, and agree with other persons, both known and unknown to the Grand Jury, to commit an offense in violation of Title 21, United States Code, Section 841(a)(1), specifically, to distribute, and to possess with intent to distribute, more than five (5) kilograms of cocaine, a Schedule II controlled substance.
> All in violation of Title 21, United States Code, Section 846.
> [DE-3].

Title 21 U.S.C. § 846 states:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
> 21 U.S.C. § 846.

Title 21 U.S.C. § 841(a)(1) states:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense or possess with intent to distribute or dispense, a controlled substance . . .
> 21 U.S.C. § 841(a)(1).

Thus, it is clear that the indictment tracks the language contained in the relevant statues.

Nonetheless, the undersigned will address Defendant's specific arguments in support of the contention that this indictment is insufficient.

First, Defendant argues that "the conspiracy count provides no factual statement which would form the basis of any conspiratorial agreement, nor does it specify any facts that [the] Government intends to prove as an [overt] act and/or the location of the overt act committed by Defendant" [DE-11, pg. 2]. However, "[i]n order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, 513 U.S. 10, 15 (1994). Likewise, Defendant asserts that "indictment alleges a nebulous time frame" [DE-11, pg. 2]. This argument fails because the Fourth Circuit, when analyzing an indictment alleging that a defendant possessed cocaine with the intent to distribute "[i]n or about Winter, 2000" observed that:

> Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required . . . Since time is not an element of possession with the intent to distribute and there is no argument that the statute of limitations has expired . . . the indictment was not unconstitutionally vague . . .
> United States v. Smith, 441 F.3d 254, 261 (4th Cir. 2006)(internal citations omitted).

Finally, Defendant contends the indictment is unconstitutional because it fails to specifically identify any co-conspirators. Again, the Fourth Circuit has held that an indictment is not legally insufficient if it fails to name coconspirators. United States v. Amend, 791 F.2d 1120, 1125 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986).

Although an unpublished opinion, the Fourth Circuit's decision in United States v. Smith, 43 F.3d 1469 (4th Cir. 1994) is instructive. In Smith, the Fourth Circuit evaluated the

following count of an indictment:

> HAROLD LEE SMITH did unlawfully and willfully combine, conspire, confederate with other[s], both know and unknown to the Grand Jury, to unlawfully possess with intent to distribute more than 50 grams of cocaine base, a Schedule II controlled substance, a violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.
>
> Smith, 43 F.3d 1469 at * 1.

Obviously, the language analyzed in Smith is virtually identical to the language at issue in the instant motion. Ultimately, the Smith Court stated that "[w]e are satisfied that [this] . . . count is sufficient . . . the indictment complied with the requirements of Federal Rule of Procedure 7(c)(1) . . ." Smith, 43 F.3d 1469 at * 1-2.

For the foregoing reasons, it is HEREBY RECOMMENDED that Defendant's motion to dismiss the indictment in this case [DE-11] be DENIED in all respects.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 30th day of April, 2008.

_____
William A. Webb
U.S. Magistrate Judge