IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-87-FL
NO. 5:11-CV-439-FL

| | |
|---|---|
| BRIAN L. FOSTER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-153) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-150). Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation

In his Motion to Vacate, Petitioner asserts that he received ineffective assistance of counsel. The Government contends that Petitioner's ineffective assistance of counsel claims "are all just indirect ways for petitioner to appeal his conviction and sentence." (DE-154, pg. 2). The undersigned disagrees. Rather, Petitioner now raises several arguments that were not addressed by the Fourth Circuit on direct appeal. Specifically, Petitioner asserts his trial and appellate counsel were ineffective for the following reasons: 1) failing to request a jury instruction based on a theory of "buyers-sellers relationship"; 2) failing to seek the suppression of evidence based on a <u>Miranda</u> violation; 3) failing to seek the suppression of evidence found at Petitioner's residence; 4) failing to advise petitioner of a plea agreement or negotiate a plea agreement with the

1

government; 5) rendering ineffective assistance during pre-trial stage of petitioner's case; 6) failing to investigate or obtain discovery material during Petitioner's appeal; and 7) failing to request that Court not use the § 4B1.1 career offender provision in sentencing defendant. (DE-150, pg. 4-13).

In rather cursory fashion, the Government's response cites Strickland v. Washington and argues that counsel met this standard. *See*, Strickland v. Washington, 466 U.S. 668, 688 (1984). However, this argument is supplemented by limited case citation and no citation to the trial transcript. By way of example, whether Petitioner was entitled to a buyer-seller's jury instruction hinges on the evidence and testimony presented at trial, yet the Government's response does not refer to any portion of the trial transcript. *See*, United States v. Mills, 995 F.2d 480, 485 fn. 1 (4th Cir. 1993). Likewise, the Government's response argues that "Petitioner's . . . claims [regarding] his lawyer's alleged failure to suppress evidence is simply wrong." (DE-154, pg. 4). This argument, however, is not supplemented by any case law explaining why Petitioner's argument is without merit. Nor is this assertion supplemented by citation to the record. Finally, the Government repeatedly notes—with little further analysis—that Petitioner's claims involve strategic decisions made by his attorneys. Although courts have also shown a marked and understandable reluctance to characterize tactical or strategic decisions by trial counsel as ineffective assistance, this rule is not absolute where the purported strategic decision is based upon an error or ignorance of the law by trial counsel. Credell v. Bodison, 2011 WL 4852261, * 5 (D.S.C. August 11, 2011). The Government's response does not address these possibilities.

For these reasons, the Government is ORDERED to supplement its response to Petitioner's Motion to Vacate. This response shall more thoroughly address Petitioner's claims and include case and transcript citations. The Government's response shall be filed no later than January 9,

2012. Petitioner shall be permitted to reply to this supplemented response no later than January 23, 2012.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, November 30, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE