IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-87-FL
NO. 5:11-CV-439-FL

| | |
|---|---|
| BRIAN LEE FOSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 150) and the government's motion to dismiss petitioner's § 2255 motion (DE 153). The court converted the government's motion to a motion for summary judgment, and petitioner supplemented his response accordingly. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion for summary judgment (DE 185). Petitioner timely filed objections to the M&R and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, grants the government's motion to dismiss, and denies petitioners's motion to vacate.

**BACKGROUND**

On August 21, 2009, petitioner was convicted following trial by jury of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Petitioner was sentenced on January 4, 2010, to 324 months of imprisonment. Petitioner appealed the

conviction and sentence, and the Fourth Circuit affirmed. United States v. Foster, 406 F. App'x 690 (4th Cir. 2010) (per curiam).

Petitioner filed the instant motion *pro se* on August 19, 2011, asserting that he received ineffective assistance of counsel. Petitioner obtained counsel on July 10, 2012, and the magistrate judge conducted a hearing on August 21, 2012, as to whether petitioner's second trial attorney, Jonathan Mark Herring, properly advised or informed petitioner of any plea offers extended by the government. Petitioner testified that Herring never discussed any plea agreement with him, although they spoke over the phone on a few occasions and also met to discuss his case. Petitioner also provided an affidavit from his mother, who attended part of the in-person meeting between petitioner and Herring. Herring testified that he discussed plea offers with petitioner multiple times, and offered into evidence his time sheets indicating the same. An e-mail from Herring to the prosecutor, admitted into evidence by the government, indicates that he contacted the prosecutor about a plea offer based upon petitioner's potential interest in a plea and asked if a previous plea agreement was still on the table. An affidavit of Kelly Latham Greene, trial attorney for petitioner before Herring, stated that Greene discussed the government's plea offers with petitioner several times, and Greene's affidavit also was admitted into evidence.

Petitioner asserts seven grounds for relief in his motion, all pertaining to ineffective assistance of counsel. Specifically, petitioner asserts that counsel failed to: (1) pursue a defense theory based upon a buyer-seller relationship between petitioner and an alleged co-conspirator; (2) move to suppress evidence based upon a Miranda violation; (3) move to suppress evidence based upon an illegal search; (4) advise petitioner of a plea agreement or negotiate one with the government; (5) sufficiently investigate petitioner's case before trial and explain the potential

2

sentence petitioner would face given the government's notice of intent to seek enhanced penalties; (6) obtain discovery on appeal; and (7) object to sentencing on the basis that the guidelines are advisory only.

In its briefs, the government argues that petitioner is merely appealing his conviction and sentence again indirectly, as all of plaintiff's claims were previously decided. Furthermore, the government maintains that petitioner cannot show that he had ineffective assistance of counsel.

As set forth in the M&R, the magistrate judge recommends that the court grant the government's motion for summary judgment and deny petitioner's motion, based on the reasons advanced by the government.

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Petitioner lodges two objections to the M&R, related to his claim regarding advice on plea agreements. Petitioner first objects to the factual finding in the M&R's summary statement that petitioner testified that the in-person meeting with his trial attorney, Herring, lasted only one and a half hours. Petitioner next objects to the finding that counsel advised petitioner of a plea offered by the government, when the evidence shows Herring did not go over the details of the plea agreement. For the reasons that follow, the court overrules petitioner's objections.

1. Factual Objection

Petitioner first objects to the magistrate judge's determination concerning his testimony about the length of time of the Atlanta meeting. At the evidentiary hearing, petitioner was asked for an approximation of how long that meeting lasted. Tr. 4. Petitioner responded: "I want to say maybe hour and a half maybe." Id. The M&R reflects that this language indicated a limitation, stating that the testimony reflected petitioner's assertion that the meeting lasted "only one and a half hours." M&R 12. Petitioner now asserts that "I want to say," and "maybe" indicates that he was approximating the time. Herring testified the meeting lasted around two hours. Petitioner's mother, Barbara Foster, produced an affidavit indicating that she came in after the meeting started and was there for another hour and forty-five minutes, approximately. Petitioner asserts that his approximation is not inconsistent with the other approximations of time, and therefore his approximation is not a basis for finding petitioner's testimony was less than fully reliable. Furthermore, petitioner asserts that his mother's testimony that Herring did not go over a plea agreement during her time in the meeting does provide some support for petitioner's claim, even though she was not present for the entire meeting.

4

Upon *de novo* review of these factual findings in the M&R, the court finds no error, and adopts those findings as its own. The M&R reflected that petitioner's testimony was less detailed and definite than Herring's. M&R 12-13. Furthermore, petitioner's inaccuracy as to the time spent meeting with his attorney in-person was only part of the basis for finding his testimony less credible than that of Herring. Herring's testimony was also supported by documentation in his time sheets and e-mail. Herring was able to recall specific details and facts concerning his client interactions with more clarity and certainty than petitioner. Finally, Barbara Foster's affidavit does support the testimony of her son for the portion of that meeting she was present. However, Barbara Foster's affidavit is also not inconsistent with Herring's testimony, or the weight of the evidence, that a plea offer was communicated to petitioner on multiple occasions.

  2.  Legal Objection

Petitioner also objects to the finding that he was advised of a plea offer at a constitutionally adequate level, by either Greene or Herring. A successful claim for ineffective assistance of counsel requires a petitioner show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). Furthermore, there is a "strong presumption" when reviewing an attorney's performance under Strickland that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Greene's affidavit and attached letters to petitioner indicate, however, that they discussed plea offers on multiple occasions. Greene Aff. ¶¶ 3, 6, 8, Exs. A-C. Petitioner received full copies

5

of plea agreement memoranda to read, and discussed them through written correspondence, telephone calls, and in-person interviews with Greene. Id. Petitioner was specifically advised in writing that "the plea offer is for approximately 120 months," and that the government would "seek an enhancement to a 20 year minimum" if petitioner chose to go to trial. Greene Aff. Ex. C. Based upon the evidence in the case, Greene advised that trial would not "benefit" petitioner. Id. Subsequently, petitioner asked Greene to withdraw from his case.

Herring admits that he never read through the entire plea agreement with petitioner. Tr. 24 ("[U]ntil a client says, 'yes, I'm interested,' I . . . don't go into total detail of every paragraph in the plea. . . . I do [go line by line] if they're going to take the plea. But . . . if I know they're not and they say they have no interest in it, I don't go through every line of the written memorandum of plea agreement."). However, Herring did discuss the plea offer's details with petitioner, as it had been negotiated formerly by Greene. Id. at 15-17. Furthermore, as trial approached, Herring told the government that petitioner might change his mind about a plea, and asked if the same plea offer was still on the table. Gov't Ex. 2. Herring then discussed the plea agreement again with petitioner via telephone, advising that he should take the plea. Tr. 20-21.

Petitioner decided to go to trial against counsels' advice, and now contends that he was not advised of "the advantages and disadvantages" of the plea agreement. Objections 4 (citing Padilla v. Kentucky, 559 U.S. 356 (2010) (holding that a criminal defense attorney must advise a non-citizen client of any deportation consequence of a guilty plea)). In this case, where both of petitioner's attorneys had discussed the plea agreement on multiple occasions and advised that he take it, Herring reasonably did not read the plea agreement memorandum to petitioner line by line on the eve of trial. Furthermore, petitioner has not shown that he would have accepted the

6

agreement if it had been read line by line instead of summarized.  See Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012) (requiring petitioner to show on ineffective assistance of counsel claim at the pleading stage "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe").  To the contrary, the evidence shows that petitioner decided to go to trial with knowledge of the plea agreement terms.  Therefore, the court adopts the thoughtful analysis contained in the M&R as its own.

The court has conducted *de novo* review of those portions of the M&R wherein it was found that petitioner's counsel discussed proposed plea agreements and his trial counsel did not render ineffective assistance.  For the reasons stated in the M&R, the court agrees that petitioner was reasonably advised as to the plea agreement and that he did not receive ineffective assistance of counsel.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections.  The court thus ADOPTS the recommendations contained in the M&R (DE 185).  The court DENIES petitioner's motion (DE 150), and GRANTS the government's motion (DE 153).  Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.  The clerk is directed to close this case.

7

SO ORDERED, this the 21st day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

8