IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-87-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRIAN LEE FOSTER, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion (DE 208, 215) for reduction of sentence under 18 U.S.C. § 3582(c). The probation office recommends denying the motion, as set forth in a memorandum to the parties dated February 4, 2016. The government agrees with the recommendation without further comment. Defendant disagrees with the recommendation, and has filed a memorandum of law in support of the motion. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

**BACKGROUND**

On August 21, 2009, defendant was convicted following trial by jury of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The court sentenced defendant on January 4, 2010, to a 324 month term of imprisonment, calculated on the basis of a total offense level 36 and a criminal history category VI, yielding a guidelines range of 324-405 months. Petitioner appealed the conviction and sentence, and the Fourth Circuit affirmed. United States v. Foster, 406 F. App'x 690 (4th Cir. 2010). Petitioner filed a motion to vacate under 28 U.S.C. § 2255, on August 19, 2011, which this court denied on May 22, 2013. Petitioner filed a second and successive § 2255 motion on June 24, 2014, which this court dismissed for lack of

jurisdiction on July 1, 2014.

Petitioner filed the instant motion initially pro se on October 14, 2015. The probation office transmitted its recommendation to the parties on February 4, 2016. The recommendation states that defendant is not eligible for a reduction for the following reasons:

> The Court found that the government had filed a notice to seek an enhanced penalty, which changed the statutory penalty to 10 years to life imprisonment. The Court also ruled that the applicable base offense level was 34. Otherwise, the Court adopted the findings in the presentence report. Since the defendant is a career offender, the change in the statutory penalty should have resulted in an offense level of 37, pursuant to USSG §4B1.1. However, the Court sentenced the defendant as though USSG §2D1.1 produced the higher offense level and found that the total offense level was 36. Since the total offense level based on the Court's findings should have been a 37, further reduction is not appropriate.

(Probation Office, February 4, 2016, Memorandum). On March 23, 2016, the government returned an acknowledgment form to the probation office stating that it agrees with the probation office's conclusion. On September 27, 2016, defendant, represented by the Federal Public Defender, in accordance with Standing Order 14-SO-01, returned an acknowledgment form stating that he disagrees with the probation office's conclusion, and stating that he "believes that he is eligible for relief for the reasons set out in his motion for sentence reduction." Defendant filed the instant motion and memorandum of law, through counsel, on September 27, 2016, attaching exhibits including a Bureau of Prisons progress report and character letters.

The probation office transmitted its recommendation, proposed order, and the parties' acknowledgment forms, to the court on October 4, 2016. The court has filed these documents under seal on the docket.

**DISCUSSION**

Section 3582(c) provides:

2

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),[1] upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). The statute thus "authorizes a reduction . . . only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission' – namely, [U.S.S.G.] § 1B1.10," which contains "the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon v. United States, 560 U.S. 817, 826-27 (2010).

Section 1B1.10(a) states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [§1B1.10(d)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a). Among the amendments listed in § 1B1.10(d), are the latest amendments to the drug quantity tables in § 2D1.1. (See, e.g., USSG, Supp. to App. C, Amendment 782). As illustrated in the court's table below pertinent to the instant defendant, in 2010, § 2D1.1 provided for the following base offense levels corresponding to cocaine drug weights, shown in comparison to the most current version of the guidelines:

|  | **2010** | **2015** |
|---|---|---|
| Base Offense Level 36 | 50-150 kg | 150-450 kg |

---

[1] Section 994(o) provides that "[t]he Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. . . ."

| Base Offense Level 34 | 15-50 kg | 50-150 kg |
| Base Offense Level 32 | 5-15 kg | 15-50 kg |

Section 1B1.10(b) instructs that in determining whether a reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection(d) had been in effect at the time the defendant was sentenced." Id. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id.

In this case, the court begins by "substitut[ing] only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced." § 1B1.10(b)(1). When the court sentenced defendant in 2010, the court determined that defendant had a criminal history category VI and a total offense level 36, yielding a guidelines range of 324-405 months. (See Sent. Tr. at 9; Statement of Reasons at 1). The court sentenced defendant within that guidelines range and at the bottom of that guidelines range, at 324 months. (See Judgment; Sent. Tr. at 20; Statement of Reasons at 2).

In reaching this guidelines range, the court determined, following argument from the parties at sentencing, that defendant should be subjected to a base offense level of 34, using drug quantity amounts based upon defendant's "trial testimony." (Sent. Tr. at 9). Although the court did not specify a specific drug quantity at sentencing, a base offense level of 34 corresponded at the time to 15-50 kg of cocaine, instead of the 110.52 kg of cocaine specified in the presentence report (PSR). (See PSR ¶ 32). The court added two points under § 2D1.1(b)(1), an enhancement for possessing

4

a firearm, and the court applied no other offense level enhancements, yielding a total offense level 36.

Substituting the new drug table amendments under § 2D1.1(b)(1), based upon a drug quantity of between 15-50 kg of cocaine, yields a revised base offense level of 32. Then, "leav[ing] all other guideline application decisions unaffected," § 1B1.10(b)(1), the court adds two points for the § 2D1.1(b)(1) enhancement, and applies no other offense level enhancements, yielding a total offense level 34 and a revised guidelines range of 262-327 months imprisonment. Considering the § 3553 factors and the court's original reasons for imposing a sentence at the bottom of the guidelines range, a sentence at the bottom of the revised guidelines range, 262 months, is warranted.

The government, however, urges a different result, in adopting the probation office recommendation. In effect, the government takes the position that defendant is not eligible for application of the retroactive amendment because defendant's offense level should have been 37 at the time of original sentencing and should remain so now. (See Probation Office Recommendation, February 4, 2016, Memorandum). In other words, the court made a mistake in sentencing defendant originally based upon a total offense level 36, and the court should have sentenced defendant based upon a total offense level 37, which would have yielded a guidelines range of 360 to life imprisonment, at least three years above defendant's actual sentence.

In particular, the court failed to apply a guidelines Chapter Four enhancement to defendant's offense level, based upon defendant's status as a career offender, where the guidelines called for such an enhancement based upon findings made by the court at sentencing. The court had found that statutory maximum penalty was life imprisonment, in light of the government's filing of a notice pursuant to 21 U.S.C. § 851. (Sent. Tr. at 6). In addition, the court had found that defendant had

5

requisite predicate convictions to qualify as a career offender. (Id. at 5). Thus, pursuant to § 4B1.1(b), with a statutory maximum of life, with defendant's designation as a career offender, the court should have enhanced the offense level to 37, where that enhanced offense level is higher than the offense level otherwise applicable. See U.S.S.G. § 4B1.1(b)(1).

Notably, neither the probation office nor the government called the court's attention to this mistake at the time of original sentencing. Although defendant raised an objection to the career offender designation and offense level computation, (see PSR at 11-12), defendant appeared to abandon his objection after the court made its determination of the guideline range:

> THE COURT: I don't quite understand your objection to [defendant's] classification as a career offender. Is it just based on the guidelines?
> MR. HERRING [counsel of defendant]: I phrased that incorrectly. As far as the guideline calculation, that's not a part of it. We understand that. That was more an argument for the appropriate sentence under [§] 3553.
> THE COURT: Okay. Okay. Have I considered all your objections?
> MR. HERRING: Yes, your Honor. Just those two. Thank you.
> THE COURT: All right. So, the advice here is 324 to 405 [months] . . . .

The court thereafter did not raise any issue with the total offense level. The mistake was not addressed by the court of appeals in its unpublished opinion affirming the conviction and sentence, and the mistake was not recognized by the court in ruling on defendant's § 2255 motion.

In light of this mistake, the government suggests defendant is ineligible for a sentence reduction because the guidelines amendments do not have the effect of lowering the guidelines range as it properly should have been calculated. Defendant disagrees, arguing that the court is not authorized to act now to apply the career offender offense level enhancement where it failed to do so at defendant's original sentencing.

The issue presented appears to be one of first impression in the Fourth Circuit and, apparently, in all circuit courts. The parties have not identified any case in which a court erred in

6

the manner as occurred here and then addressed a motion for reduction under § 3582(c)(2). Based upon the language of the statute and the guidelines, as well as decisions by courts in other comparable circumstances, however, the court agrees with defendant's position.

As an initial matter, the language in the statute is consistent with defendant's position: it refers to a defendant "who <u>has been sentenced</u> to a term of imprisonment <u>based on a sentencing range</u> that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3282(c)(2) (emphasis added). It suggests that the court must look to the actual guideline sentencing range that the court used to impose defendant's sentence in the first instance.

The guidelines appear to provide more of a mixed message. The general authority provision states that the court may reduce the term of imprisonment where "the guideline range <u>applicable to that defendant</u> has subsequently been lowered." U.S.S.G. § 1B1.10(a)(1) (emphasis added). The exclusion provision also states that a reduction is not warranted if an amendment "does not have the effect of lowering <u>the defendant's applicable guideline range</u>." <u>Id.</u> § 1B1.10(a)(2) (emphasis added). The commentary defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category <u>determined pursuant to § 1B1.1(a)</u>, which <u>is determined</u> before consideration of any departure provision in the Guidelines Manual or any variance." <u>Id.</u> comment. (n.1(A)) (emphasis added). These provisions, standing alone, suggest that the court should apply the guidelines provisions as they should have been applied originally, regardless whether the court in fact did so originally.

The specific instruction provision that follows, however, states that the court shall "substitute only the amendments listed . . . for the corresponding guideline provisions <u>that were applied when the defendant was sentenced</u> and shall leave <u>all other guideline application decisions</u> unaffected."

7

Id. § 1B1.10(b)(1) (emphasis added). The commentary reiterates this admonition, stating: "[T]he court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions <u>that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.</u>" Id. comment. (n.2).

The specific instruction provision and commentary speak more meaningfully to the circumstances presented here. At sentencing, the court applied only the guideline provisions of § 2D1.1 and not § 4B1.1(b)(1) in determining defendant's offense level. It is those § 2D1.1 guideline provisions "that were applied when defendant was sentenced" that are directly impacted by the guidelines amendments. Id. § 1B1.10(b)(1). Further, the court suggested at sentencing that it was not adopting the presentence report guidelines calculation recommendations to the extent inconsistent with the total offense level used:

> Well, I've made some corrections to the presentence report, and those are noted on the record. <u>I've changed the base offense level</u>. I've discerned <u>some different advice from the guidelines</u>. But <u>excepting as to that</u>, I find the basis for the findings in the presentence report to be credible and reliable.

(Sent. Tr. at 19) (emphasis added). In this manner the court implicitly made a "guideline application decision," inadvertently or otherwise, not to apply § 4B1.1(b)(1) and not to impose a total offense level of 37. The specific instruction provision directs the court to "leave all" such "guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The court thus must leave the court's prior decision to forego application of § 4B1.1(b)(1) unaffected.

Case law also suggests that the court must leave original guidelines application decisions intact, whether erroneous or not. <u>Dillon</u> provides the strongest authority generally in support of defendant's approach. Interpreting § 1B1.10(b)(1), the Supreme Court has emphasized that a sentencing court's authority under § 3582(c) is limited to "'substitut[ing]' the amended Guidelines

8

range for the initial range 'and [the court] shall leave all other guideline application decisions unaffected.'" Dillon, 560 U.S. at 831 (quoting U.S.S.G. § 1B1.10(b)(1)) (emphasis added). In this manner, a district court is not authorized to "correct . . . mistakes in [defendant's] original sentence," or to "recalculate a defendant's sentence." Id. In Dillon, the Supreme Court concluded: "Because the aspects of his sentence that [defendant] seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them." Id.

The same can be said of the present circumstances, in that the aspects of defendant's sentence that the government now seeks to correct were not affected by the Commission's amendment to § 2D1.1. Rather, the provisions of § 4B1.1(b)(1) were the same in 2010 as they are today, and the court could have applied § 4B1.1(b)(1) to raise defendant's offense level to 37 in 2010 just as it could today. In this manner, application of § 4B1.1(b)(1) is "not affected by the Commission's amendment to § 2D1.1." Dillon, 560 U.S. at 831. Therefore, under Dillon, the court must not "correct . . . mistakes in [defendant's] original sentence," or "recalculate . . . defendant's sentence," id., but rather leave in place its error in failing to apply § 4B1.1(b)(1).

Several circuit court opinions suggest a similar result, although without addressing circumstances directly analogous to those here. See, e.g., United States v. Ortiz-Vega, 744 F.3d 869, 873-74 (3d Cir. 2014) ("[P]rior sentencing errors cannot be modified in a § 3582(c)(2) proceeding," and "a court may not revisit or re-decide guideline applications during a § 3582(c)(2) proceeding, but rather must work only with the sentence actually imposed.") (emphasis added). White v. United States, 745 F.3d 834, 836 (7th Cir. 2014) ("[T]he judge takes as established the findings and calculations that led to the sentence and changes only the revised Guideline, leaving everything else

9

the same."); see also United States v. Smalls, 720 F.3d 193, 196 (4th Cir. 2013) ("While [defendant] argued in his motion that the district court erred in its original drug quantity calculations, a § 3582(c)(2) motion does not provide an appropriate vehicle for challenging those calculations.").

The court notes one case that may suggest a contrary result. In particular, the court in United States v. Barr, 132 F. Supp. 3d 290, 293-94 (D.R.I. 2015), held that it was constrained by the language in the commentary to § 1B1.10 to apply a guidelines range different from that actually applied by the court at sentencing. In particular, Barr noted that the commentary to § 1B1.10 was revised in 2014 to include the definition noted above, specifically as emphasized here:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual of any variance).

U.S.S.G. § 1B1.10 comment. (n.1) (emphasis added). Although circumstances in Barr are not stated in detail, it appears Barr involved an express decision by the district court to depart downward to avoid applying a career offender enhancement. 132 F. Supp. 3d at 291.

The court finds Barr and the referenced commentary inconclusive in the present circumstances, however. Both Barr and the commentary refer to "any departure provision in the Guidelines Manual or any variance." Id. This court, by contrast, did not apply any departure provision or any variance in setting defendant's guideline range. Thus, while the commentary expressly addresses a departure or variance situation, it is silent as to circumstances where a district court erred in applying the guidelines, as here. Barr and the commentary do not address the competing policy language and case law regarding errors in the initial guidelines calculations. See

10

U.S.S.G. § 1B1.10(b)(1); Dillon, 560 U.S. at 831. In light of such competing authority, the court is not inclined to expand the import of the referenced commentary beyond its stated terms.

In sum, the weight of authority considered herein supports an interpretation of § 1B1.10, under which the court must substitute only the amendments to § 2D1.1 for the corresponding § 2D1.1 guideline provision that was actually applied when defendant was sentenced previously, leaving all other guideline application decisions by the court, however erroneous or inadvertent, unaffected. On that basis, defendant's amended guidelines range is 262-324 months. Considering the § 3553 factors in light of the present record, the policy guidance in the commentary to § 1B1.10, and the court's original reasons for imposing a sentence at the bottom of the guidelines range, a revised sentence at the bottom of the revised guidelines range, 262 months, is warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion (DE 215) for reduction of sentence under 18 U.S.C. § 3582(c). An amended judgment is filed contemporaneously herewith.

SO ORDERED, this the 24th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge