IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-87-FL
NO. 5:11-CV-439-FL

| | | |
|---|---|---|
| BRIAN LEE FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to reopen 28 U.S.C. § 2255 motion to vacate under Federal Rules of Civil Procedure 57 and 60(b)(4), (6) (DE 235) and supplemental motion for relief pursuant to Rule 60(b), (d) (DE 238). Additionally, petitioner has filed a memorandum in support which the court construes as a motion to take judicial notice. (DE 236). For the reasons that follow, the court denies petitioner's motions.

## BACKGROUND

On August 21, 2009, petitioner was convicted following trial by jury of conspiracy to distribute and possess with intent to distribute cocaine in the amount of more than 500 grams but less than 5 kilograms, in violation of 21 U.S.C. § 846. Petitioner was sentenced on January 4, 2010, to 324 months of imprisonment. Petitioner appealed the conviction and sentence, and the Fourth Circuit affirmed. United States v. Foster, 406 F. App'x 690 (4th Cir. 2010) (per curiam).

Petitioner filed a motion to vacate his sentence pursuant to § 2255 on August 19, 2011, arguing ineffective assistance of counsel, including the allegation that his trial attorney, Mark Herring, failed to inform him as to the details of a plea agreement offered by the government, which

agreement petitioner declined to enter into. (DE 150). Following an evidentiary hearing and recommendation by the magistrate judge to deny petitioner's motion, the court adopted the recommendation of the magistrate judge and denied petitioner's motion on May 22, 2013. (DE 193). Petitioner appealed the denial, and the Fourth Circuit affirmed. United States v. Foster, 544 F. App'x 210 (4th Cir. 2013).

On June 24, 2014, petitioner filed another motion to vacate his sentence pursuant to § 2255, which the court dismissed without prejudice for the petitioner to seek authorization to file his second or successive § 2255 motion. (DE 205). Thereafter, petitioner filed a motion to reduce sentence, which the court granted on October 24, 2016, reducing petitioner's sentence from 324 months to 262 months. (DE 221).

On November 4, 2016, petitioner filed another motion to vacate his sentence pursuant to § 2255, which the court dismissed for lack of jurisdiction where the Fourth Circuit had denied petitioner's application for authorization to file a successive § 2255 motion. (DE 233).

On August 31, 2017, petitioner filed the instant motion to reopen § 2255 motion to vacate pursuant to Rule 57 and 60(b)(4), (6). (DE 235). On October 16, 2017, petitioner filed a memorandum in support of his August 31, 2017 motion. (DE 236). On March 19, 2018, petitioner filed the instant supplemental motion for relief pursuant to Rule 60(b), (d). (DE 238).

In petitioner's filings, he argues 1) his trial attorney, Mark Herring, committed fraud on the court when testifying to the court during the above referenced evidentiary hearing; 2) the court should take judicial notice that petitioner was sentenced based on an amount of cocaine in excess of what the jury found him guilty and that the court found petitioner "guilty of missing elements of statutes in his case"; and 3) the assistant United States attorneys involved in the grand jury

proceedings that originally indicted petitioner committed fraud on the court by failing to file oath of office and appointment affidavits.

## DISCUSSION

A.   Motion to Reopen

Although petitioner captions his first motion as a "motion to reopen 28 U.S.C. § 2255 motion to vacate under Federal Rules of Civil Procedure 57 and 60(b)(4), (6)," the court construes petitioner's motion as a motion under Federal Rule of Civil Procedure 60(b)." See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. Here, petitioner essentially attempts to re-argue his contention that his trial attorney did not fully inform his as to the government's plea offer and additionally alleges his trial attorney committed fraud on the court during the evidentiary hearing previously held by the magistrate judge. However, the only argument or evidence offered by petitioner that his trial attorney committed fraud on the court is that no plea agreement can be found on the court's PACER

3

site, which is short for Public Access to Court Electronic Records, the electronic service that provides access to case and docket information from federal courts, including this one. (DE 235 at 9-10).

A plea agreement not finalized is not required to be filed on PACER. See Fed. R. Crim. P. 11(c)(2) ("The parties must disclose the plea agreement in open court when the plea is offered . . . .") (emphasis added). Thus, the court finds petitioner has failed to demonstrate a meritorious claim or defense. Accordingly, petitioner's Rule 60(b) motion must be denied.

B.   Motion to Take Judicial Notice

Rule 201 permits the taking of judicial notice of adjudicative facts if: (1) the facts are generally known within the territorial jurisdiction of the court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

In plaintiff's second filing with the court which is captioned as a memorandum in support of his previous motion to reopen, plaintiff requests the court should take judicial notice that the court lacked jurisdiction to sentence petitioner based on an amount of cocaine in excess of what the jury found him guilty. Because the facts for which petitioner requests that the court take judicial notice are subject to reasonable dispute, petitioner's motion to take judicial notice is denied.

Additionally, petitioner's request fails on the merits. "It has long been established that sentencing courts may consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009). This court addressed this same argument at petitioner's sentencing hearing, and petitioner's counsel recognized that the court was not bound

4

by the jury's finding of less than 5 kilograms. (DE 134 at 8-9). Petitioner's arguments that the court lacked jurisdiction to consider drug quantity amounts more than those the jury found petitioner guilty of are unavailing.

C.      Supplemental Motion for Relief

In petitioner's last filing before the court, he argues the Assistant United States Attorneys ("AUSAs") involved in the grand jury proceedings that originally indicted petitioner and in petitioner's trial committed fraud on the court by failing to timely file oath of office and appointment affidavits. (DE 238). Petitioner was indicted on March 26, 2008 with his trial held August 19-21, 2009. Petitioner argues that AUSA Donald Russell Pender's ("Pender") oath of office and appointment affidavit was not finalized until February 6, 2017 and AUSA Rudolf Edward Renfer's ("Renfer") affidavit was not finalized until September 14, 2009. To support his argument that the AUSAs failed to take the oath of office and provide the requisite affidavits prior to being an AUSA, petitioner submits documents obtained from the U.S. Department of Justice through a Freedom of Information Act ("FOIA") request indicating the above dates. (DE 238-1).

Petitioner is incorrect that these AUSAs were involved in petitioner's indictment and trial. AUSA Pender did not filed a notice of attorney appearance in petitioner's case until November 14, 2016, and AUSA Renfer did not appear for the government until February 6, 2013. Additionally, petitioner asserts no prejudice to his proceedings, nor could he, in that these AUSA filed notice of attorney appearances in his case after his trial was complete. See, e.g., United States v. Mechanik, 475 U.S. 66, 71–72 (1986) (adopting the harmless error standard of Fed.R.Crim.P. 52(a) for violations of Fed.R.Crim.P. 6(d)); Bank of Nova Scotia v. United States, 487 U.S. 250 (1988) ("a District Court may not dismiss an indictment for errors in grand jury proceedings unless such errors

5

prejudiced the defendants").

D.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to reopen 28 U.S.C. § 2255 motion to vacate (DE 235) and petitioner's supplemental motion for relief (DE 238). The court construes petitioner's memorandum in support as a motion to take judicial notice and DENIES the same (DE 236). A certificate of appealability is DENIED.

SO ORDERED, this the 18th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge